UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| Vs. | : Civil Action No. 11-0418 RMC |
| GHANA SOCIAL MARKETING FOUNDATION, | : |
| | : |
| Defendant | : |
| and | : |
| UNITED BANK, | : |
| Defendant/Third Party Plaintiff | : |
| Vs. | : |
| MERRILL LYNCH ASSET MANAGEMENT, L.P.<br>SERVE: Princeton Services, Inc., G/P<br>by Corporation Trust Company, R/a<br>820 Bear Tavern Road<br>West Trenton, NJ 08628 | :<br><br>:<br><br>: |
| and | : |
| BLACKROCK, INC., T/A BLACKROCK PRIVATE INVESTORS<br>SERVE: Any Officer or employee<br>1800 K Street, N.W., Suite 1120<br>Washington, D.C. 20005, | :<br><br>:<br><br>: |
| Third Party Defendants | : |

**DEFENDANT UNITED BANK'S ANSWER TO SECOND AMENDED
COMPLAINT AND THIRD PARTY COMPLAINT**

1

Answer to Second Amended Complaint

COMES NOW, United Bank, by Counsel, and answers the Second Amended Complaint, expressly reserving the positions stated in its Motion to Dismiss Second Amended Complaint:

1. The allegations of paragraph 1 of the Second Amended Complaint are admitted.

2. The allegations of paragraph 2 are admitted.

3. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 3 and, accordingly, denies same.

4. The allegations of paragraph 4 are denied in that the referenced Cooperative Agreement speaks for itself.

5. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 5 and, accordingly, denies same.

6. The allegations of paragraph 6 are denied in that the referenced Schedule speaks for itself.

7. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 7 and, accordingly, denies same.

8. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 8 and, accordingly, denies same.

9. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 9 that Merrill Lynch placed the Grant proceeds in a custodial account in United Bank and, accordingly, denies same. In further response, Defendant United Bank states that its predecessor George Mason Bank was a party to a certain

Custody Agreement with Defendant GSMF, which is more fully described in Defendant United Bank's Motion to Dismiss Second Amended Complaint. Further, whatever assets were placed pursuant to the Custody Agreement remain to the extent reflected in Exhibit 1 of the referenced Motion to Dismiss Second Amended Complaint.

    10. The allegations of paragraph 10 are denied.

    11. The allegations of paragraph 11 are denied.

    12. The allegations of paragraph 12 are denied in that the Cooperative Agreements speaks for itself.

    13. The allegations of paragraph 13 are denied in that the Cooperative Agreements speaks for itself.

    14. The allegations of paragraph 14 are denied in that the Cooperative Agreements speaks for itself.

    15. The allegations of paragraph 15 constitute a conclusion of law and are denied.

    16. The allegations of paragraph 16 constitute a conclusion of law and are denied.

    17. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 17 and, accordingly, denies same.

    18. The allegations of paragraph 18 constitute a conclusion of law and are denied.

    19. The allegations of paragraph 19 constitute a conclusion of law and are denied.

    20. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 20 and, accordingly, denies same.

    21. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 21 and, accordingly, denies same.

22. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 22 and, accordingly, denies same.

23. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 23 and, accordingly, denies same.

24. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 24 and, accordingly, denies same.

25. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 25 and, accordingly, denies same.

26. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 26 and, accordingly, denies same.

27. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 27 and, accordingly, denies same.

28. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 28 and, accordingly, denies same.

29. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 29 and, accordingly, denies same.

30. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 30 and, accordingly, denies same.

31. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 31 and, accordingly, denies same.

32. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 32 and, accordingly, denies same.

33. The allegations of paragraph 33 constitute a conclusion of law and are denied; further, allegations are denied in that the referenced cooperative agreements speak for themselves.

34. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 34 and, accordingly, denies same. Further the referenced report speaks for itself.

35. The allegations of paragraph 35 constitute a conclusion of law; further, allegations are denied in that the referenced January 2000 agreement and Cooperative Agreement speak for themselves.

36. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 36 and, accordingly, denies same. Further, the allegations constitute a conclusion of law and are denied.

37. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 37 and, accordingly, denies same. Further, the allegations constitute a conclusion of law and are denied.

38. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 38 and, accordingly, denies same, with the exception that the referenced Exhibit 5 is believed to be genuine. Further, Exhibit 5 speaks for itself.

39. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 39 and, accordingly, denies same.

40. Defendant United Bank is without sufficient information to admit or deny the allegations of the first sentence of paragraph 40 and, accordingly, denies same. The allegations of the second sentence of paragraph 40 are denied. The allegations of the

third sentence are denied in that Defendant United Bank made no asset management decisions on GSMF's behalf concerning the funds in the United Bank custodial account.

41. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 41 and, accordingly, denies same.

42. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 42 and, accordingly, denies same.

43. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 43 and, accordingly, denies same.

44. Defendant United Bank is without sufficient information to admit or deny the allegations of paragraph 44 and, accordingly, denies same.

45. Paragraphs 1 through 44, above, are re-stated.

46. The allegations of paragraph 46 constitute a conclusion of law and are denied.

47. The allegations of paragraph 47 constitute a conclusion of law and are denied.

48. The allegations of paragraph 48 constitute a conclusion of law and are denied.

49. The allegations of paragraph 49 constitute a conclusion of law and are denied.

50. ("51")  Paragraphs 1 through 44, above, are re-stated.

51. The allegations of paragraph 51 constitute a conclusion of law and are denied.

Affirmative Defenses

52. Defendant United Bank incorporates by reference the issues raised in its Motion to Dismiss Second Amended Complaint.

53. The Second Amended Complaint fails to state a cause of action as to Defendant United Bank.

WHEREFORE, the premises considered, Defendant United Bank asks that the Second Amended Complaint be dismissed as to it.

### Third Party Complaint For Contribution

1. Jurisdiction is founded on 28 U.S.C 1367.

2. The Plaintiff, in its Second Amended Complaint, alleges a claim for conversion against Defendant United Bank, which claim is denied.  However, if this claim is valid, Defendant United Bank, as Third Party Plaintiff, asserts that the Third Party Defendants are liable to it for contribution, as follows.

3. Pleading in the alternative, Third Party Plaintiff United Bank incorporates by reference paragraphs 1 through 49 of the Second Amended Complaint.

4. Further pleading in the alternative, to the extent that the Third party Defendants were the asset managers for Defendant GSMF and placed the Grant proceeds in a custodial account with Defendant United Bank and gave directives to Defendant Untied Bank as to same, the Third Party Defendants were subject to a common obligation with Third Party Plaintiff Untied Bank to the Plaintiff.  Further pleading in the alternative, Third Party Plaintiff United Bank asserts that the demands stated in Exhibit 5 and Exhibit 7 (especially the August 6, 2009 and August 19, 2009 components thereof) of the Second Amended Complaint were at least equally directed to the Third Party Defendants as to Defendant United Bank.

5. Accordingly, Third Party Plaintiff United Bank asserts that the Third Party Defendants are or may be liable to it for all or part of the Plaintiff's Second Amended Complaint claims against it.

WHEREFORE, the premises considered, Third Party Plaintiff United Bank asks for judgment against the Third Party Defendants, jointly and severally, for contribution as to any liability found in favor of the Plaintiff against Defendant United Bank pursuant to the Second Amended Complaint, and for an award of costs.

July 31, 2012

/s/Julian Karpoff
Julian Karpoff
Attorney for Defendant/
  Third Party Plaintiff
  United Bank
Karpoff & Title
P.O. Box 990
Arlington, VA 22216
703-841-9600
Fax 703-673-9947
Captainkarpoff@rcn.com
D.C. Bar #156760

20:36

### Jury Demand

Trial by jury is demanded as to all issues of fact incident to Defendant/Third Party Plaintiff's Answer and Third Party Complaint.

/s/Julian Karpoff
Julian Karpoff
Attorney for Defendant/
  Third Party Plaintiff

### Certificate of Service

I hereby certify that a copy of the foregoing, with attachments, was served electronically on David S. Klontz, Esq., Attorney for the United States, and by first class mail, postage pre-paid, on Defendant Ghana Social Marketing Foundation, 8 Gowa Close, Roman Ridge, P.O. Box 1847, Cantonments, Accra, GHANA, this 31st day of July, 2012.

/s/Julian Karpoff
Julian Karpoff